UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| KEITHRON TERRELL GALMORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 18-2822-JDT-cgc |
| ) | |
| SHELBY COUNTY, ) | |
| ) | |
| Defendant. ) | |

ORDER DISMISSING COMPLAINT AND GRANTING LEAVE TO AMEND

On November 29, 2018, Plaintiff Keithron Terrell Galmore, RNI number 169999, who is incarcerated at the Shelby County Correctional Center in Memphis, Tennessee, filed a *pro se* civil complaint and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) The Clerk shall record the Defendant as Shelby County.[1]

Galmore alleges in the complaint that he was assaulted on August 31, 2018, by Mr. Pryor, who is not further identified. (ECF No. 1 at 2.) As a result of the incident, Galmore was removed from the building where the assault occurred and placed in J-building, where he stayed for 27 days. (*Id.*) Galmore further alleges that, "[i]n the same month [he] was in G-building and witness[ed] two white inmates who were assaulted and they remained in the building." (*Id.*) According to

---

[1] Galmore's claim against the Shelby County Division of Correction must be treated as a claim against Shelby County.

Galmore, his confinement in J-building constituted punishment "for no reason" and "without proper cause" and amounted to discrimination. (*Id.* at 3.) He seeks compensation for his pain and suffering. (*Id.*)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3. "*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). Even so, *pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594

(6th Cir. 1989). Furthermore, district courts are not required to ferret out the strongest cause of action on behalf of *pro se* litigants. *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011). Ultimately, a court "cannot create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 612-13 (6th Cir. 2011).

Galmore seeks unspecified relief under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Galmore names no individuals as defendants, and the complaint does not allege that any specific person discriminated against him. Instead, his claim is stated in general terms, and he sues only Shelby County. However, the complaint does not state a valid claim against Shelby County. When a § 1983 claim is made against a municipality or county, the court must analyze two distinct issues: (1) whether plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The second issue is dispositive of any claim against Shelby County.

A local government "cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691 (1978) (emphasis in original); *see also Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom

and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691-92. To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Co. v. Dodson*, 454 U.S. at 326 (citation omitted)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'"

Although civil rights plaintiffs are not required to plead the facts demonstrating municipal liability with particularity, *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168-69 (1993), the complaint must be sufficient to put the municipality on notice of the plaintiff's theory of liability, *see, e.g.*, *Fowler v. Campbell*, No. 3:06CV-P610-H, 2007 WL 1035007, at *2 (W.D. Ky. Mar. 30, 2007). The allegations of the complaint in this case fail to identify an official policy or custom of Shelby County which caused injury to Galmore.

Even if Galmore had sued specific individuals for subjecting him to discrimination, the factual allegations currently in the complaint fail to state a claim that he was discriminated against on account of his race.[2] The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const., amend. XIV, § 1. "To state an equal protection claim, a plaintiff must adequately

---

[2] Galmore does not state his race in the complaint, but he does assert that he was treated differently than two white inmates. The Court thus presumes his discrimination claim is based on race.

plead that the government treated the plaintiff 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis.'" *Ctr. For Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) (quoting *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. Of Shelby, Mich.*, 470 F.3d 286, 299 (6th Cir. 2006)).

In his complaint, Galmore alleges only that two white inmates were assaulted yet were allowed to remain in G-building, whereas he was removed to J-building after being assaulted. He does not set out the circumstances surrounding either the incident on August 31st or the incident or incidents involving the white inmates.³ For example, Galmore does not describe the seriousness of each assault or how disruptive the incidents were to other inmates and the prison staff. Galmore also does not state whether he and the white inmates broke any prison rules that led to disciplinary charges⁴ or acted in any manner to provoke or exacerbate the assaults. Without more factual details, merely asserting the white inmates remained in G-building after being assaulted does not sufficiently allege that the white inmates and Galmore were similarly situated. Therefore, Galmore has not stated an equal protection claim.

For the foregoing reasons, the complaint is subject to dismissal in its entirety for failure to state a claim.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily,

---

³ It is unclear from the complaint whether both white inmates were involved in the same incident or whether each white inmate was assaulted in a separate incident.

⁴ Although Galmore does not specifically identify it as such, the Court surmises that J-building may contain a segregation unit.

5

before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court concludes that Galmore should be given the opportunity to file an amended complaint.

In conclusion, Galmore's complaint is DISMISSED for failure to state a claim on which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b(1). However, Galmore is GRANTED leave to file an amended complaint. Any amendment must be filed within twenty-one days after the date of this order. Galmore is advised that an amended complaint will supersede the original complaint and must be complete in itself without reference to the prior pleadings. The text of the complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in an amended complaint must arise from the facts alleged in the original complaint. Each claim for relief must be stated in a separate count and must identify each defendant sued in that count. If Galmore fails to file an amended complaint within the time specified, the Court will assess a strike pursuant to 28 U.S.C. § 1915(g) and enter judgment.

IT IS SO ORDERED.

     s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE